UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNETTE TURNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4197** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY** | **SECTION: D (3)** |

### ORDER AND REASONS

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment.[1] Plaintiff Annette Turner has not filed a response to the Motion.[2] Despite Plaintiff's lack of opposition to the Motion, a party moving for summary judgment is not entitled to have their motion granted simply because their motion is unopposed.[3] Rather, their burden remains the same as if the motion was opposed; they must demonstrate that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law.[4]

In her Complaint, Plaintiff claims that Defendant Allstate insured her property at 8722 Palmetto Street in New Orleans when Hurricane Ida struck and damaged the property in August 2021.[5] In short, Defendant contends that "Plaintiff did not have a homeowners insurance policy with Allstate Insurance."[6] Defendant later reiterates that "a homeowners policy contract between the Plaintiff and Allstate

---

[1] R. Doc. 18.
[2] The Motion was set for submission on July 23, 2024, meaning that, pursuant to Local Rule 7.5, any opposition to the Motion from Plaintiff was due on July 15, 2024. As of the date of this Order, no response has been filed.
[3] *See Cap. Funding, LLC v. W. Jefferson Prop. Holding Co., L.L.C.*, No. CV 21-2360, 2022 WL 4355792, at *3 (E.D. La. Sept. 20, 2022) (Vitter, J.).
[4] *See id.*; *see also* Fed. R. Civ. P. 56.
[5] R. Doc. 1 at ¶¶ 6, 7, 9.
[6] R. Doc. 18-1 at p. 1.

Insurance simply does not exist."[7]  Finally, Defendant's Statement of Undisputed Facts claims that "Allstate, nor any of its affiliated companies, did not issue a homeowner's policy nor any kind of property insurance policy to plaintiff, Annette Turner, covering a residence at 8722 Palmetto Street in New Orleans, Louisiana, at any time during the years of 2020 and 2021."[8]  Plaintiff, by failing to respond to the Motion, has also failed to contest Defendant's Statement of Undisputed Facts that Allstate did not have a policy in effect with Plaintiff for that property during that time period.

After careful consideration of the Defendant's memorandum, the affidavit attached thereto, the record, and the applicable law, and having found no material facts in genuine dispute, the Court, finding that the Motion has merit[9], therefore **GRANTS** the Motion.

---

[7] *Id.* at p. 5.

[8] R. Doc. 18-2 at p. 2.

[9] Under Article III of the Constitution, federal courts only have jurisdiction to decide actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. "Because of that limitation, any plaintiff invoking the 'judicial Power' must establish the 'irreducible constitutional minimum of standing.'" *Lutostanski v. Brown*, 88 F.4th 582, 585 (5th Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). As standing is a prerequisite for subject matter jurisdiction, courts must raise and consider *sua sponte* whether a litigant has standing. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331–32 (5th Cir. 2002) (citing *SEC v. Forex Asset Mgmt., LLC*, 242 F.3d 325, 328 (5th Cir. 2001)); *see also id.* n.1 ("Article III standing must be addressed before all other issues 'because it determines the court's fundamental power even to hear the suit.'" (quoting *Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002))). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan*, 504 U.S. at 560–61).

Here, Plaintiff has failed to demonstrate an injury in fact because Plaintiff fails to show that she had any residential insurance policy with the Defendant covering the property at issue.  Simply put, Plaintiff cannot claim to be injured by the Defendant's alleged breach of a contract that does not exist.  Defendants have presented evidence by way of affidavit, *see* R. Doc. 18-4 (Affidavit of Megan Thompson-McKenna), that they did not issue the Plaintiff a policy of insurance covering the residence in question at the time of Hurricane Ida.  Plaintiff has presented no evidence to the contrary.  Moreover, by failing to respond to the Defendant's Statement of Undisputed Facts, R. Doc. 18-2, Plaintiff is deemed to have admitted those facts.  *See* Local Rule 56.2.  Plaintiff cannot establish Article

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment[10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for lack of standing.

New Orleans, Louisiana, July 19, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

III standing to sue on a nonexistent insurance policy. As such, this Court lacks subject matter jurisdiction over Plaintiff's claim.
[10] R. Doc. 18.